**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SAIFUL ISLAM,

      Petitioner,

v.                                                                              No. 1:26-cv-00151-DHU-KRS

KRISTI NOEM, Secretary, U.S. Department
of Homeland Security; PAMELA BONDI,
U.S. Attorney General; TODD LYONS,
Acting Director of U.S. Immigration and
Customs Enforcement; MARISA FLORES,
El Paso Field Office Director, Enforcement and
Removal Operations, Immigration and Customs
Enforcement; and GEORGE DEDOS, Warden of
Cibola County Detention Center,

      Respondents.

## <u>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Saiful Islam's Petition for Writ of

Habeas Corpus ("Habeas Petition"). Doc. 1. Petitioner alleges that he has been unlawfully

detained without a bond hearing, in violation of the Immigration and Nationality Act ("INA")

and the Due Process Clause of the Fifth Amendment. *Id.* ¶¶ 49-55. He asks this Court to order

Respondents to release him from immigration custody, or, in the alternative, order Respondents

to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days. *Id.* at

12. Having considered the parties' briefs and the relevant law, the Court **GRANTS IN PART**

Petitioner Saiful Islam's Petition for Writ of Habeas Corpus, and orders Respondents to provide

him with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a)

within seven (7) days.

1

# I.
# BACKGROUND

1. Petitioner Saiful Islam is a native and citizen of Bangladesh who entered the United States without inspection on August 21, 2024. *Id.* ¶¶ 12, 40. Since his entry, Petitioner has accrued no criminal history. *Id.* ¶ 39.

2. Shortly after his entry, Petitioner was detained by the Department of Homeland Security ("DHS"). *Id.* ¶ 40.

3. Petitioner was issued a Notice to Appear. *Id.* His Notice to Appear charged him as a noncitizen present in the United States who had not been admitted or paroled. *Id.*

4. Petitioner was eventually released from DHS custody under Alternatives to Decision ("ATD") and issued an ankle monitor. *Id.* ¶ 42.

5. In December 2025, Petitioner's ankle monitor malfunctioned. *Id.* ¶ 43. He contacted Immigration and Customs Enforcement ("ICE") to fix the issue. *Id.*

6. On December 12, 2025, Petitioner appeared before ICE for a check-in to address the ankle monitor issue. *Id.* Petitioner was detained by ICE at the check-in. *Id.*

7. Petitioner was eventually transferred to the Cibola County Correctional Center in Milan, New Mexico, where he remains detained. *Id.* ¶ 44.

8. While detained, Petitioner submitted a bond re-determination request. *Id.* ¶ 47.

9. On December 22, 2025, Petitioner had a bond hearing before the Otero Immigration Court. *Id.* The Immigration Judge ("IJ") denied bond, citing lack of jurisdiction pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.*

On January 25, 2026, Petitioner filed a Habeas Petition. Doc. 1. In his Habeas Petition, Petitioner alleges that his detention is governed by 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225, because he was already residing in the United States when he was detained. *Id.* ¶ 50.

2

Petitioner further alleges that Respondents' failure to provide him with a bond hearing violates the Due Process Clause. *Id.* ¶¶ 52-55. He asks this Court to 1) assume jurisdiction over this matter; 2) order that he not be transferred outside of the District of New Mexico while his Habeas Petition remains pending; 3) issue an Order to Show Cause ordering Respondents to show cause why the Petition should not be granted; 4) issue a Writ of Habeas Corpus requiring Respondents to immediate release him, or, in the alternative, provide him with a bond hearing pursuant to § 1226(a) within seven (7) days; 5) declare that his detention is unlawful; and 6) grant any other and further relief as the Court deems just and proper. *Id.* at 12-13.

On February 4, 2026, this Court entered an Order directing the Clerk of Court to electronically serve Respondents, and ordering Respondents to show cause within ten (10) business days. Doc. 2.

On February 18, 2026, Respondents filed their response to the Habeas Petition. Doc. 6. In their response, Respondents acknowledge that Petitioner is subject to the detention provisions of § 1225 or § 1226. *Id.* at 1. Relying on the BIA's decision in *Matter of Yajure Hurtado*, Respondents' position is that Petitioner is subject to mandatory detention under § 1225(b) because he was present in the United States without being admitted or paroled. *Id.* at 2. However, Respondents also acknowledge that this Court reached the opposite conclusion in *Requejo Roman v. Castro*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026). *Id.* Respondents also concede that the facts of this case "are not materially distinguishable [from *Requejo Roman*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.* Respondents further concede that that the legal issues in this case are similar to the issues addressed by this Court in *Vega Uribe v. Noem*, No. 2:25-cv-01139-DHU-KRS, 2026 WL 127621 (D.N.M. Jan. 16, 2026). *Id.* at 2 n. 1.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that he is being detained without a bond hearing in violation of the INA and the Due Process Clause.

The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

This case is not the first of its kind in this Court. In fact, as Respondents acknowledge, the Court has already considered the statutory and constitutional issues raised by Petitioner. *See Requejo Roman*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *see also Velasquez Salazar v. Dedos et al.*, --F.Supp.3d--, 2025 WL 2676729 (D.N.M. 2025); *Vega Uribe v. Noem*, No. 2:25-cv-01139, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 (D.N.M. Feb. 2, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293 (D.N.M. Feb. 5, 2026); *Chen v. Unknown Warden*, No. 1:26-cv-00125 (D.N.M. Feb. 19, 2026); *Castellanos Haro v. Noem*, No. 2:26-cv-00175 (D.N.M. Feb. 26, 2026). The facts here are not materially different than those the Court analyzed in previous cases. Accordingly, the Court's conclusion is the same.

Following this Court's decisions in *Requejo Roman* and others, as well as the decisions of the vast majority of federal courts in the Tenth Circuit that have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under § 1226 and are entitled to a bond hearing.[1] Petitioner, who entered the United States without inspection, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. Respondents' misclassification of Petitioner under § 1225 and the resultant denial of a bond hearing deprived Petitioner of his right to due process.

**IV.**
**CONCLUSION**

For the reasons stated above, and articulated in greater detail in *Requejo Roman*, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral IJ within **seven (7) days** of entry of this Order. If Petitioner does not receive such a hearing on or before Monday, May 4, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. The assigned IJ is hereby ordered not to deny bond based on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Hurtado*.

**IT IS FURTHER ORDERED** that Respondents submit a status report to the Court no later than Monday, May 4, 2026, confirming whether a bond hearing was held and the result of said hearing.

---

[1] The Court acknowledges that the Fifth Circuit and Eight Circuit Court of Appeals have analyzed this issue and reached the opposite conclusion. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, --F.4th--, 2026 WL 819258 (8th Cir. 2026). The Tenth Circuit Court of Appeals, however, has not yet addressed the issue.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE